# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gemini Bakery Equipment,       :
            Petitioner      :
                                  :
       v.                      :     No. 781 C.D. 2020
                                    :     Submitted: December 11, 2020
Workers' Compensation Appeal       :
Board (Mensch),                   :
                 Respondent    :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CROMPTON              FILED: April 23, 2021

Gemini Bakery Equipment (Employer) petitions for review from the July 14, 2020 order of the Workers' Compensation Appeal Board (Board) that affirmed the workers' compensation judge's (WCJ) decision and order, on remand from the Board, granting the petition for reinstatement of workers' compensation benefits (Reinstatement Petition) filed by Keith Mensch (Claimant).

## I.     Background

Claimant sustained a work-related injury, in the nature of a lumbar spine sprain, on January 17, 2012, and began receiving temporary total disability (TTD) workers' compensation benefits pursuant to a Notice of Compensation Payable. On March 26, 2014, Claimant attended an impairment rating evaluation

(IRE) with a doctor who determined he had a whole body impairment rating of 16%.[1] Thus, on June 2, 2014, Claimant's benefits were changed from TTD to partial disability, effective January 21, 2014, per former Section 306(a.2) of the Pennsylvania Workers' Compensation Act (Act).[2] *Formerly* 77 P.S. §511.2.[3] Reproduced Record (R.R.) at 28a.

On December 6, 2017, Claimant filed the instant Reinstatement Petition[4] alleging that his workers' compensation benefits should be reinstated to

---

[1] It is not readily apparent from the record which edition of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (*Guides*) was used in reaching this determination.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[3] Former Section 306(a.2) of the Act, *formerly* 77 P.S. §511.2, read, in pertinent part:

(1)     When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks … the employe shall be required to submit to a medical examination … to determine the degree of impairment due to the compensable injury, if any . . . .  The degree of impairment shall be determined based upon an evaluation by a physician  . . .  pursuant to the most recent edition of the [AMA Guides] . . . . (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum . . . the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . . If such determination results in an impairment rating less than fifty per centum impairment . . . the employe shall then receive partial disability benefits under clause (b) . . . .

Former Section 306(a.2)(1) of the Act, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (emphasis added).   Subparagraph (b) referenced above provides for payment of partial disability for no more than 500 weeks.  Section 306(b)(1) of the Act, 77 P.S. §512(1), limits a claimant's receipt of partial disability benefits to 500 weeks.

[4] Claimant had also previously filed a petition for penalties, which was dismissed by the WCJ and was not appealed to the Board.  Thus, we do not address it here.

TTD as of March 26, 2014, because "[t]he limitation of 500 weeks of partial disability is no longer applicable since [IREs] have been ruled unconstitutional" by our Supreme Court's opinion in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*).[5] R.R. at 5a. Employer filed an answer to Claimant's Reinstatement Petition, denying Claimant's assertion of a right to reinstatement of TTD benefits. R.R. at 8a. The matter was assigned to the WCJ who heard testimony and weighed the evidence of record. The WCJ issued a decision and order on April 30, 2018, reinstating Claimant's TTD benefits as of January 21, 2014, the effective date of the change in Claimant's benefits from total to partial disability. R.R. at 30a. Both Claimant and Employer appealed to the Board, and on April 30, 2019, the Board remanded the matter to the WCJ to re-open the record and allow the parties "to seek appropriate remedies in accordance with the current state of the law," including this Court's opinion in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018), which was filed in June 2018, after the parties had appealed the WCJ's decision. R.R. at 40a.

In *Whitfield*, we considered the issue of whether a claimant, who had her disability status modified in 2008, based on what had become an unconstitutional IRE, was entitled to the benefit of *Protz II*. Critically in *Whitfield*, the claimant had failed, for over seven years, to challenge the constitutionality of the IRE upon which

---

[5] In *Protz II*, filed on June 20, 2017, our Supreme Court addressed the issue of the constitutionality of former Section 306(a.2) of the Act, *formerly* 77 P.S. § 511.2, and held that the General Assembly unconstitutionally delegated its lawmaking authority in violation of the non-delegation doctrine of article II, section 1 of the Pennsylvania Constitution (Pa. Const. art. II, §1 states: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives."). Thus, the *Protz II* Court struck former Section 306(a.2), *formerly* 77 P.S. § 511.2, in its entirety, from the Act.

3

her modification of benefits was based. Additionally, in *Whitfield*, the claimant had her TTD benefits converted to partial disability benefits based on a June 13, 2006 IRE performed under the Fifth Edition of the *Guides* and received benefits until her last payment of compensation in mid-July 2015.

In *Whitfield*, the claimant filed her reinstatement petition in November 2015, prior to our Supreme Court's 2017 opinion in *Protz II*.[6] However, before the litigation of the reinstatement petition had concluded, our Supreme Court filed the *Protz II* opinion, striking the IRE provision of the Act as unconstitutional. Subsequently, this Court, in *Whitfield*, held that a claimant within three years of her last workers' compensation payment is entitled to reinstatement of TTD benefits, as long as she proves that her work injury continues. We added that this could be proven by the claimant's own testimony. At that point, the burden shifts to the employer to prove the contrary. We stated that, in such an instance, so long as the claimant's testimony is credited, and the employer presents no evidence to the contrary, the claimant is entitled to reinstatement to TTD as of the date the reinstatement petition was filed.

In the present matter, on remand from the Board, the WCJ conducted a hearing on July 15, 2019, at which Claimant testified he last worked on January 17,

---

[6] The claimant in *Whitfield* filed her reinstatement petition approximately one month after our October 7, 2015 opinion in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*) but before our Supreme Court's opinion in *Protz II*. In *Protz I*, we held that former Section 306(a.2) of the Act, *formerly* 77 P.S. § 511.2, was an unconstitutional delegation of legislative authority insofar as it prospectively approved versions of the *Guides* beyond the Fourth Edition without review. (The Fourth Edition of the *Guides* was in effect at the time the IRE provisions of the Act were first enacted.) As a result, in cases in which the issue was properly preserved, we vacated decisions where the change in disability status had been based on IREs performed using the Fifth or subsequent editions of the *Guides* and remanded for evaluations under the Fourth Edition of the *Guides*. After we filed our opinion in *Protz I*, the claimant in *Whitfield* filed her reinstatement petition seeking to nullify her IRE, which, as noted above, had been performed using the Fifth Edition of the *Guides*.

2012. He also testified in regard to his medications related to the work injury, and he testified about his difficulty sleeping. Employer presented no evidence in defense but advised that it was defending purely on the legal issue of whether *Protz II* is retroactive in its application. R.R. at 69a; WCJ's Decision and Order, 9/9/2019, Finding of Fact (FOF) Nos. 6 and 7. In his September 9, 2019 decision and order on remand, the WCJ determined Claimant's testimony was credible and unrebutted by Employer, and, thus, Claimant had met his burden, pursuant to *Whitfield*, that his work injury continued. FOF No. 11. Accordingly, the WCJ reinstated Claimant's benefits as of December 6, 2017, the date upon which Claimant filed his Reinstatement Petition. *Id.*; R.R. at 70a. Employer appealed to the Board.

The Board opined:

> While [Employer] argues that Claimant waived the issue of his IRE being unconstitutional by not previously raising that issue in prior litigation, the *Whitfield* court specifically held that a claimant has a right to reinstatement under Section 413(a) of the Act[7] regardless of whether the claimant previously challenged the constitutionality of the IRE provisions. The *Whitfield* court also held that as long as a claimant files his reinstatement petition within three years of the last payment of compensation, he is entitled to a reinstatement as of the date of the filing of the reinstatement petition. Here, because Claimant was still within the 500[-]week IRE period, and still was receiving payments when he filed his Reinstatement Petition, he met the criteria to be eligible for reinstatement under *Whitfield*. Furthermore, the WCJ accepted Claimant's testimony that he continued to be disabled from his work

---

[7] Section 413(a) of the Act, 77 P.S. §772, states, in pertinent part:

> A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed . . . .

5

injury, and thus, he met his burden under *Whitfield* to be entitled to a reinstatement. Consequently, we determine no error.

R.R. at 81a-82a; Bd. Op., 7/14/2020, at 3-4.

Additionally, in its appeal to the Board, Employer argued that it was entitled to a credit for any partial disability benefits it paid to Claimant since January 21, 2014, per Act 111.[8]

The Board noted that it agreed with the WCJ, who had determined: "'Act 111 is not relevant to the pending issues before this [WCJ] as Claimant's benefits were modified under [*former*] Section 306(a.2) and not Section 306(a.3),'" adding

> [w]hile Act 111 does contain a provision allowing for a credit for weeks of partial compensation paid, that credit provision is triggered only when the IRE process is initiated under Section 306(a.3)(1) of Act 111. Here, because [Employer] has not initiated the IRE process under the

---

[8] On October 24, 2018, Act 111 took effect, replacing Section 306(a.2) of the Act with new Section 306(a.3). Section 306(a.3) of the Act reads in pertinent part:

> When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks . . . the employe shall be required to submit to a medical examination . . . to determine the degree of impairment due to the compensable injury, if any . . . . The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the most recent edition of the [AMA Guides], 6th edition (second printing April 2009) . . . . (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than thirty-five per centum . . . the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . . If such determination results in an impairment rating less than thirty-five per centum impairment…the employe shall then receive partial disability benefits under clause (b) . . . .

Section 306(a.3) of the Act, added by the Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. §511.3 (emphasis added).

Section 3(2) of Act 111 states: "For the purposes of determining the total number of weeks of partial disability compensation payable under section 306(a.3)(7) of the Act, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph." 77 P.S. §511.3, Historical and Statutory Notes.

6

new IRE provisions of Act 111, the credit provisions have not been triggered. Therefore, the WCJ did not err in concluding that Act 111 [is] not relevant to the pending issues.

R.R. at 82a; Bd. Op., 7/14/2020, at 4. Thus, the Board affirmed the order of the WCJ granting Claimant's Reinstatement Petition. Employer now petitions this Court for review.[9]

## II.    Arguments

## A. Employer's Arguments

Employer argues that our Supreme Court's opinion in *Protz II* should apply only to the parties to that litigation and to cases "in which litigation or an appeal was pending at the time . . . in which the issue of the constitutionality of [former] Section 306(a.2) [of the Act, *formerly* 77 P.S. § 511.2,] was properly raised and preserved," which was not the case in the present matter where Claimant did not file his Reinstatement Petition until after our Supreme Court filed its *Protz II* opinion. Employer's Br. at 10.

Employer adds that since former Section 306(a.2) of the Act is not considered void *ab initio*, Claimant's IRE determination and change in status should not have been set aside based solely on Claimant's testimony that he has not returned to work.[10] Employer's Br. at 12.

_____

[9] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830 (Pa. 2013).

[10] In his September 9, 2019 Decision, the WCJ found that "Claimant has not worked since 2012 and continues to treat for his work injury, noting he had difficulties with sleeping due to his work injury and is not working. Employer did not present any evidence to dispute Claimant's testimony." R.R. at 70a, WCJ's Decision and Order, 9/9/2019, FOF No. 11.

7

In addition, Employer asserts that Claimant, here, is not like the claimant in *Whitfield* who filed and litigated her petition challenging her IRE while the decision in *Protz II* was pending and, thus, *Whitfield* should not control.

Further, Employer suggests that this Court based its opinion in *Whitfield* on "the erroneous proposition that employers and insurers are not prejudiced by the blanket retroactive application of *Protz* [*II*] despite the fact that employers and insurers that had relied upon the now-unconstitutional provisions of the [Act] for over 20 years now face uncertainty with regard to hundreds, if not thousands, of claims." Employer's Br. at 13-14.

In its Petition for Review to this Court, Employer did not specifically raise the issue of whether it was entitled to credit for weeks of partial disability it paid prior to the reinstatement of Claimant's TTD benefits.

## B. Claimant's Arguments

Claimant argues that the Board's Order should be affirmed because it correctly applied this Court's opinion in *Whitfield*, which provides that reinstatement of benefits from partial to total disability is permissible back to the date of the filing of the reinstatement petition. Claimant's Amended Br. at 13. Further, Claimant adds that a claimant's workers' compensation status is not truly "final" until three years after the date of last payment, and in the present matter, he had not reached that point, as he was still within his 500 weeks of partial disability under the Act. Thus, Claimant maintains that he remained within his right to seek reinstatement of TTD benefits. Claimant's Amended Br. at 13-14.

8

### III.    Discussion

Although Employer argues to the contrary, *Whitfield* controls in the present case in that Claimant is entitled to reinstatement of TTD as of the date he filed his Reinstatement Petition.  Employer essentially wishes to re-argue *Whitfield*, suggesting that this Court based its opinion there on "the erroneous proposition that employers and insurers are not prejudiced by the blanket retroactive application of *Protz* [*II*] despite the fact that employers and insurers that had relied upon the now-unconstitutional provisions of the [Act] for over 20 years now face uncertainty with regard to hundreds, if not thousands, of claims."  Employer's Br. at 13-14.  In response to Employer's assertion in this regard, we reiterate our position in *Whitfield* that "[a]llowing [the c]laimant to seek modification under these circumstances does not prejudice employers or insurers by upsetting their expectation of finality because such determinations are not yet truly 'final' until three years have passed since the date of last payment." *Whitfield*, 188 A.3d at 617.  As further indicia of this Court's position on the application of *Protz II*, we note our recent opinion in *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020), which more closely approximates the fact scenario presently before us to the extent it also involved a claimant within her 500-week period of partial disability at the time she filed her reinstatement petition.

In *White*, the claimant sustained a work-related injury on January 27, 2005.  On December 4, 2013, she underwent an IRE, per former Section 306(a.2) of the Act.  The doctor who conducted the IRE, utilizing the Sixth Edition of the *Guides*, determined that the claimant had a 36% whole body impairment rating.  As a result, the employer filed a modification petition, which was granted, modifying the claimant's disability status from TTD to partial disability, for a period of 500

9

weeks, effective December 4, 2013. The claimant did not appeal this modification of her benefits. On October 7, 2015, prior to the expiration of her 500 weeks of partial disability benefits, the claimant filed a reinstatement petition seeking to nullify her IRE based on this Court's decision in *Protz I*.

Before the conclusion of the litigation of the claimant's reinstatement petition in *White*, our Supreme Court issued its opinion in *Protz II*, holding that the IRE provisions of former Section 306(a.2) of the Act violated the non-delegation doctrine of the Pennsylvania Constitution. As a result, the Court struck the entirety of the section from the Act. In *White*, we determined that the claimant's modification from TTD to partial disability had been effective in 2013 and was not appealed. Accordingly, we opined that as long as the claimant could establish her work injury continued, she was entitled to reinstatement of TTD benefits as of the date she filed her reinstatement petition, in 2015, rather than the effective date of the change in her disability status from TTD to partial disability in 2013. This is much the same as in the matter *sub judice*.

Claimant, here, also filed his Reinstatement Petition while still within his 500-week period of partial disability and was returned to TTD by the WCJ as of the date of the Petition. In addition, Claimant satisfied the requirement of credibly testifying that his work injury continues, and Employer provided no evidence to contradict Claimant's testimony in this regard. Thus, the WCJ and the Board did not err when it returned Claimant to TTD as of December 6, 2017 – the date on which he filed his Reinstatement Petition. As we noted in *Whitfield*,

> [s]imply because *Protz II* is being applied to a case that arose from a work injury and a change in disability status that predates it does not mean it operates retroactively. It would be retroactive if it related back and gave a prior transaction a legal effect different from that which it had under the law in effect at the time. **This decision does not alter**

10

**[c]laimant's past status. Rather, it gives effect to the [c]laimant's status as it existed at the time [claimant] filed [the] reinstatement petition, which was filed within the statutory timeframe for filing such petitions.**

*Whitfield*, 188 A.3d at 617 (internal citations omitted) (emphasis added). We acknowledge Employer's efforts to distinguish between otherwise similarly situated claimants who filed their respective reinstatement petitions *before* our Supreme Court's opinion in *Protz II* and those who filed *after*, such as Claimant in the present matter. However, in both instances, we have consistently reached the same results. In *Burk v. Workers' Compensation Appeal Board (School District of Philadelphia)* (Pa. Cmwlth., No. 491 C.D. 2020, filed December 22, 2020), and *Extended Health Care Services, Inc. v. Workers' Compensation Appeal Board (Perillo)* (Pa. Cmwlth., No. 620 C.D. 2020, filed March 3, 2021), both involving claimants who, like the present Claimant, filed their respective petitions to reinstate TTD benefits *after* our Supreme Court's opinion in *Protz II*, we determined that the same rule applies, *i.e.*, as long as the claimant meets the requirements set out in *Whitfield*, TTD will be reinstated, and it will be reinstated as of the date the petition was filed.

Turning to the matter of credit weeks and Act 111, we note that Employer did not specifically raise the issue of an entitlement to credit weeks in its petition for review, but we acknowledge that Act 111 contains a provision allowing an employer credit for any weeks of partial disability compensation it has previously paid.[11] However, that provision is not triggered until the IRE process is begun under

_____

[11] As we opined in *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), the General Assembly made it clear in Act 111 that weeks of TTD and partial disability paid by an employer/insurer prior to the enactment of Act 111 count as credit against an employer's new obligations under Act 111. In *Rose Corporation*, we said the following in reference to Act 111:

11

Section 306(a.3), which did not occur in the case *sub judice*. Thus, the issue of whether Employer is entitled to partial disability credit weeks paid was not relevant to the issues before the WCJ and the Board and is not relevant to our determination herein.

## IV. Conclusion

For the foregoing reasons, we affirm the Board's July 14, 2020 order.

_____
J. ANDREW CROMPTON, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

> The plain language of Section 3 establishes a mechanism by which employers/insurers may receive credit for weeks of compensation previously paid. First, Section 3(1) provides that an employer/insurer "shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph" for purposes of determining whether the 104 weeks of total disability had been paid. This 104 weeks is important because, under both the former and current IRE provisions, a claimant need not attend an IRE until after the claimant receives 104 weeks of total compensation. 77 P.S. §[511.3(1)]; *former* . . . 77 P.S. §[511.2(1)]. *See* Section 3(1) of Act 111. Therefore, pursuant to Section 3(1), an employer/insurer will receive credit towards this 104 weeks for any weeks of total disability benefits that were previously paid prior to Act 111's enactment. Second, an employer/insurer will be given credit for any weeks of partial disability compensation paid prior to enactment of Act 111 "[f]or the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [WC A]ct." Section 3(2) of Act 111. In short, any weeks of partial disability previously paid will count towards the 500-week cap on such benefits.

*Rose Corp.*, 238 A.3d at 561-62.

We added: "Through the use of very careful and specific language, the General Assembly provided employers/insurers with credit for the weeks of compensation . . . previously paid." *Rose Corp.*, 238 A.3d at 562.

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gemini Bakery Equipment,    :
       Petitioner :
           :
   v.       : No. 781 C.D. 2020
           :
Workers' Compensation Appeal :
Board (Mensch),     :
      Respondent :

## **O R D E R**

   **AND NOW**, this 23rd day of April 2021, the July 14, 2020 Order of the Workers' Compensation Appeal Board is **AFFIRMED**.


         _____
         J. ANDREW CROMPTON, Judge